NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARIA V. GUZMAN,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2025-1397

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 21-9, Judge Grant Jaquith.

---

Decided: August 7, 2026

---

HAROLD HAMILTON HOFFMAN, III, Veterans Legal Advocacy Group, Arlington, VA, for claimant-appellant. Also represented by JENNIFER TRACY SHANNON HEALY.

MEREDYTH COHEN HAVASY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY, BRETT SHUMATE; MATTHEW ALBANESE, DEREK

SCADDEN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before MOORE, *Chief Judge*, PROST and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

Maria V. Guzman, surviving spouse of veteran Cesar A. Flores-Rivera, appeals a decision of the United States Court of Appeals for Veterans Claims (Veterans Court) affirming a Board of Veterans' Appeals (Board) denial of entitlement to an earlier dependency and indemnity compensation (DIC) effective date.  For the following reasons, we *dismiss-in-part* and *affirm-in-part*.

## BACKGROUND

Mr. Flores-Rivera served in the Army from 1964 to 1966.  J.A. 395.  On June 18, 1995, he died from sepsis in a Veterans Affairs (VA) Hospital.   J.A. 721–23; J.A. 30. Though the VA sent Ms. Guzman application forms for DIC and burial benefits, in the year after her husband passed, she submitted a claim only for burial benefits.  J.A. 772; J.A. 761–69; *see also* J.A. 688.   In the following years, Ms. Guzman filed and settled a tort claim against the VA for Mr. Flores-Rivera's death.  J.A. 717–47.

In May 2012, Ms. Guzman sent a statement to the VA explaining she had "been waiting for various months for a reply" regarding her VA benefits claim.  J.A. 696.  The VA regional office (RO) accepted this statement as an informal claim and, after she completed a formal DIC application, granted Ms. Guzman's DIC request with a May 2012 effective date.  J.A. 688; J.A. 676–84; J.A. 600.  Ms. Guzman filed a notice of disagreement, arguing the effective date should be June 18, 1995—the day Mr. Flores-Rivera died. J.A. 597–98. The RO denied her request and explained the effective date was the date of receipt under 38 C.F.R.

§ 3.400(c) because there were no records showing Ms. Guzman filed a DIC claim within one year of Mr. Flores-Rivera's death.  J.A. 583–84; J.A. 533–34.

Ms. Guzman appealed.  J.A. 522.  The Board denied her request for an earlier effective date based on the lack of evidence that she intended to file a DIC claim before May 2012.  J.A. 467–78.  Ms. Guzman submitted a motion for reconsideration, arguing she attempted to file in 1995, but the VA "verbally" told her she was not entitled to DIC benefits and refused to file her claim.  J.A. 465.  The Board denied this motion.  J.A. 462–64.

Ms. Guzman filed a pro se appeal.  J.A. 455.  In 2016, the Veterans Court affirmed the Board's decision because, as relevant here, Ms. Guzman failed to identify record evidence showing she filed a DIC claim before 2012 or that the VA told her she could not file a DIC claim.  J.A. 438–40.  After retaining counsel, Ms. Guzman moved to recall the mandate, arguing for the first time that 38 C.F.R. § 3.153 and 38 U.S.C. § 5105 direct the VA to consider Social Security Administration (SSA) applications as DIC claims.  J.A. 775–86.  She pointed to an SSA payment she received in 1995 as evidence she filed for SSA death benefits.  J.A. 788.  The Veterans Court denied this motion.  J.A. 790.

Ms. Guzman then requested the RO revise its decision based on clear and unmistakable error (CUE).  J.A. 185.  The RO denied this request because the "issue of an earlier entitlement date" had already been "claimed, denied, and appealed."  J.A. 132–33.  Ms. Guzman appealed, and the Board dismissed her CUE claim after concluding it lacked jurisdiction to review it.  J.A. 14–17.  The Board explained it was precluded from reviewing whether there was CUE in the RO's decision because both the Board and the Veterans Court had already ruled on the relevant entitlement date issue, thereby "subsum[ing]" the RO's decision and effectively causing it to "cease[] to exist as an independent decision."  J.A. 16.

Again, Ms. Guzman appealed.  The Veterans Court affirmed, concluding it had already reviewed and affirmed a Board decision on the same issue.  J.A. 1–7.  The Veterans Court also rejected Ms. Guzman's alternative argument that the government should be equitably estopped from denying her an earlier effective date.  It concluded equitable estoppel was not available because Ms. Guzman did not point to sufficient evidence of detrimental reliance.  Ms. Guzman appeals.

## DISCUSSION

Our jurisdiction to review Veterans Court decisions is limited by statute.  *Goodman v. Shulkin*, 870 F.3d 1383, 1385 (Fed. Cir. 2017).  Unless a Veterans Court appeal presents a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).  We have jurisdiction to "review and decide any challenge to the validity of any statute or regulation or any interpretation thereof," "interpret constitutional and statutory provisions, to the extent presented and necessary to a decision," and "decide all relevant questions of law."  § 7292(c), (d)(1).  We review the Veterans Court's legal determinations de novo.  *Wright v. Collins*, 145 F.4th 1336, 1339 (Fed. Cir. 2025).

On appeal, Ms. Guzman raises three challenges to the Veterans Court's decision.  First, she argues her CUE claim should not have been dismissed.  Second, she argues the Veterans Court misapplied *Taylor v. McDonough*, 71 F.4th 909 (Fed. Cir. 2023) by concluding equitable estoppel was foreclosed.  Third, she argues the government obstructed her constitutional right to access the adjudicatory system.

## I

Ms. Guzman contends the Veterans Court incorrectly upheld the Board's dismissal of her CUE challenge.  Specifically, she claims her CUE claim was based on a different

issue than decided in the Veterans Court's 2016 decision, and thus was not precluded by it. We do not agree.

RO decisions can be reversed or revised based on CUE. 38 U.S.C. § 5109A(a). "A [CUE] challenge to an RO determination may not be raised before the RO, however, if the Board . . . has sustained the RO determination on the same issue." *Brown v. West*, 203 F.3d 1378, 1380–81 (Fed. Cir. 2000) (citing 38 U.S.C. § 7104(b)). In such cases, "the RO determination is regarded as subsumed by the Board's decision," precluding the RO from revisiting its determination because doing so would improperly amount to the RO reviewing the decision of a higher tribunal (i.e., the Board). *Id.* at 1381 (citing 38 C.F.R. § 20.1104).

Ms. Guzman does not appear to dispute that the Board's original decision subsumed the RO's decision and the Veterans Court's 2016 decision subsequently subsumed the Board decision. Instead, her position turns on whether her CUE claim against the RO raised a new issue that the Board and Veterans Court never decided. But even assuming, without deciding, a CUE claim based on a new issue can be raised against a subsumed RO decision, Ms. Guzman did not raise a new issue. Ms. Guzman merely raised two different *theories* regarding the *same* underlying issue: the effective date. Under Ms. Guzman's own framing, her "first argument was about the VA blocking her from filing" and "second argument was about the VA not following its procedures." Appellant's Reply Br. 12. Both arguments relate to the same effective date issue and are based on the same law and facts the Veterans Court considered when deciding whether to recall its mandate. "[CUE statutory provisions] do not . . . authorize a regional office to review collaterally an earlier . . . decision [of a higher tribunal] on the same operative facts." *Dittrich v. West*, 163 F.3d 1349, 1352 (Fed. Cir. 1998). Accordingly, we see no error in the Veterans Court's conclusion that Ms. Guzman's CUE claim was precluded by the court's prior 2016 decision.

## II

Ms. Guzman also argues the Veterans Court incorrectly concluded that *Taylor* foreclosed equitable estoppel in this case. According to Ms. Guzman, by declining to apply equitable relief, the Veterans Court misunderstood *Taylor* and ignored 38 U.S.C. § 5105.

As an initial matter, Ms. Guzman's assertion that there was no majority opinion in *Taylor* is incorrect. A majority of sitting judges joined Parts I–IV of Judge Taranto's opinion, and those parts "constitute[d] an opinion for the court." *Taylor*, 71 F.4th at 915. Even the concurrence referred to those sections as "a majority opinion." *Id.* at 946 n.1 (Dyk, J., concurring in judgment). Thus, Part III of the opinion, which addressed equitable estoppel, is binding.

Even so, the Veterans Court did not base its decision that equitable estoppel was unavailable on *Taylor*. The Veterans Court noted that, under *Taylor*, equitable estoppel cannot be used to grant benefits with an effective date earlier than statutorily authorized. J.A. 5. However, it explained *Taylor*'s holding does not limit Ms. Guzman's application because she relied on 38 U.S.C. § 5105 to support an earlier effective date. J.A. 6. The Veterans Court concluded equitable estoppel was unavailable based on settled law that the veteran must demonstrate detrimental reliance and that oral advice is insufficient to support estoppel against the government. J.A. 6–7 (citing *Heckler v. Cmty. Health Servs. of Crawford Cnty., Inc.*, 467 U.S. 51, 59–61 (1984)). We lack jurisdiction to decide whether the Veterans Court erred in applying law to the facts of this case and therefore dismiss the appeal as to this issue. 38 U.S.C. § 7292(d)(2).

## III

Finally, Ms. Guzman argues the VA and Veterans Court obstructed her constitutional right to access the adjudicatory system. She contends the VA blocked her access

to a 1995 effective date by refusing to consider her SSA claim and thus she is no longer able to litigate her entitlement to an earlier effective date. Further, Ms. Guzman claims the Veterans Court actively interfered with her access by declining to apply equitable estoppel and relying on subsumption.

Ms. Guzman forfeited her argument that the VA interfered with her access. *Morgan v. Principi*, 327 F.3d 1357, 1364 (Fed. Cir. 2003). This question was neither presented to nor considered by the Board or Veterans Court. In fact, though Ms. Guzman based her equitable estoppel argument on *Taylor* before the Veterans Court, she relied on *Taylor*'s right of access discussion for the first time in her briefing before us.

Moreover, Ms. Guzman has not shown "the government has, by affirmative conduct, unduly interfered with [her] access to the adjudication offered by the forum." *Taylor*, 71 F.4th at 935. Ms. Guzman was able to participate in the VA benefits adjudication system, as evidenced by the procedural history preceding this appeal. The VA did not block her access by rejecting her request for an earlier effective date. Likewise, the Veterans Court's choice to reject her equitable estoppel and subsumption arguments, based on binding precedent, does not qualify as active interference. Additionally, Ms. Guzman cannot establish a backward-looking right-of-access violation because she can still request the VA Secretary grant her an earlier effective date using his equitable powers under 38 U.S.C. § 503(a). *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002) ("[W]hen the access claim (like this one) looks backward, the complaint must identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought.").

8                                              GUZMAN v. COLLINS

CONCLUSION

We have considered Ms. Guzman's remaining argu-
ments and find them unpersuasive.  For the foregoing rea-
sons, we *dismiss-in-part* and *affirm-in-part*.

**DISMISSED-IN-PART AND AFFIRMED-IN-
PART**

COSTS

No costs.